# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00220-MR
# (CRIMINAL CASE NO. 2:08-cr-00028-MR-1)

| | |
|---|---|
| RODNEY LAMAR SELF, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1], as supplemented [Doc. 3], and the Government's Motion to Dismiss [Doc. 7]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

## I.     BACKGROUND

On August 5, 2008, the Petitioner Rodney Lamar Self was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 2:08-cr-00028 ("CR"), Doc. 1]. The Petitioner pleaded guilty to the charge pursuant to a written plea agreement. [CR Doc. 12 at ¶ 1]. Based on his eight prior convictions for armed robbery in Georgia,

the Court found the Petitioner to be an armed career criminal pursuant to 18 U.S.C. § 924(e) and sentenced him to a term of 180 months' imprisonment. [CR Doc. 25]. The Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment. United States v. Self, 393 F. App'x 47 (4th Cir. 2010).

In August 2011, the Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in which he raised, among other things, various ineffective assistance of counsel claims. This Court denied and dismissed the motion to vacate in September 2011. [Civil Case No. 2:11-cv-00030, Doc. 5].

In December 2013, the Petitioner filed a second motion to vacate, challenging his armed career criminal designation on the grounds that a Georgia state court had vacated his armed robbery convictions. [See Civil Case No. 2:13-cv-00049, Doc. 4 at 4-5]. This Court denied the motion to vacate as untimely under § 2255(f)(4), finding that the Petitioner did not act with due diligence in pursuing the vacatur of his eight Georgia armed robbery convictions. [Id., Doc. 10 at 8-12 (order on motion for reconsideration of denial of motion to vacate)].

After receiving authorization from the Fourth Circuit to file a successive habeas petition, the Petitioner filed the present motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his sentence was improperly enhanced under the ACCA in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

[Doc. 1]. The Petitioner, through counsel, filed a supplement to the motion to vacate on July 20, 2016. [Doc. 3]. On October 31, 2016, the Government filed a motion to dismiss the Petitioner's motion, contending that the Petitioner waived his right to seek collateral review of his sentence, except on bases not asserted in his motion; that the Petitioner's claim is procedurally defaulted; and that, in any event, Georgia armed robbery still qualifies as a violent felony for purposes of the ACCA. [Doc. 7]. On November 4, 2016, the Petitioner filed a response to the Government's motion to dismiss. [Doc. 8]. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory minimum term of fifteen years' imprisonment for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). When the Petitioner was sentenced, a "violent felony" was defined to include any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated offense clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"].

Id. § 924(e)(2)(B).

In Johnson, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague. Johnson, 135 S. Ct. at 2563. As a result of Johnson, a defendant who was sentenced to a statutory mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that

4

is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). As the offense of armed robbery does not fall within the enumerated offense clause, the Petitioner's prior convictions may still qualify as "violent felonies" only if the offense of armed robbery under Georgia law "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

The Supreme Court has defined "physical force" as used in the ACCA as "violent force -- that is, force capable of causing physical pain or injury to another person."  Johnson v. United States, 559 U.S. 133, 140 (2010). "Accordingly, if the elements of a crime can be satisfied by de minimis physical contact, the offense does not qualify categorically as a violent felony." United States v. Burns-Johnson, 864 F.3d 313, 316 (4th Cir. 2017).

In determining whether a state offense constitutes a violent felony under the force clause, the Court must apply the categorical approach described by the Supreme Court in Descamps v. United States, -- U.S. --, 133 S.Ct. 2276 (2013).[1]  Under the categorical approach, the Court must

---

[1] Only when a crime is divisible does the Court use the "modified categorical approach," whereby the Court may consider "a limited set of documents to determine the basis of a defendant's conviction." United States v. Gardner, 823 F.3d 793, 802 (4th Cir. 2016) (noting that divisible crimes are "[o]nly in a 'narrow range of cases'") (citing Descamps, 133 S. Ct. at 2283-85). The parties do not contend that the Georgia armed robbery statute is divisible; accordingly, the Court will apply the standard categorical approach outlined by Descamps.

5

examine whether the state offense has as an element the "use, attempted use, or threatened use of physical force against the person of another," and must not consider "the particular facts underlying the defendant's conviction." Burns-Johnson, 864 F.3d at 316 (citing Descamps, 133 S.Ct. at 2283).

> The categorical approach directs courts to examine only the elements of the state offense and the fact of conviction, not the defendant's conduct. In conducting this analysis, we focus on the minimum conduct required to sustain a conviction for the state crime, although there must be a realistic probability, not a theoretical possibility, that a state would actually punish that conduct. We look to state court decisions to determine the minimum conduct needed to commit an offense and to identify the elements of a state common law offense. We then compare those elements to the definition of violent felony in the force clause.

United States v. Doctor, 842 F.3d 306, 308-09 (4th Cir. 2016), cert. denied, 137 S. Ct. 1831 (2017) (citations and quotation marks omitted).

The Court turns now to the state crime in question. Georgia law has two statutory provisions which address robbery offenses. The offense of "robbery" is addressed in § 16-8-40, which provides, in pertinent part, as follows:

> A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another:
>
> (1)  By use of force;

6

> (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or
>
> (3) By sudden snatching.

Ga. Code Ann. § 16-8-40(a). Under this provision, "an essential element of all three methods of committing robbery is some form of force -- actual physical force in the first method, or in the second method, constructive force supplied by intimidation, etc., or in the third method, force limited to that necessary to suddenly snatch property from a victim who had no time to react before the taking was completed." Franklin v. State, 286 Ga. App. 288, 290, 648 S.E.2d 746, 748 (2007) (citation omitted). As the Supreme Court of Georgia has stated:

> A taking accomplished by force or intimidation is the "distinguishing characteristic" of robbery – the "gist" of the offense. The force necessary for robbery is actual violence or intimidation "exerted upon the person robbed, by operating upon his fears – the fear of injury to his person, or property, or character."

Hewitt v. State, 277 Ga. 327, 329, 588 S.E.2d 722, 725 (2003), overruled on other grounds, Manley v. State, 287 Ga. 338, 698 S.E.2d 301 (2010) (citations omitted).

The offense of "armed robbery" is addressed in a separate section of the Georgia Code, § 16-8-41. That provision provides, in pertinent part, as follows:

> A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery.

Ga. Code Ann. § 16-8-41(a). The Supreme Court of Georgia has stated that the offense of armed robbery requires the establishment of three elements: "an intent to rob, the use of an offensive weapon, and the taking of property from the person or presence of another." Long v. State, 287 Ga. 886, 888, 700 S.E.2d 399, 402 (2010) (quoting Lucky v. State, 286 Ga. 478, 481, 689 S.E.2d 825 (2010)).

The term "offensive weapon" includes "any object, device, or instrument which, when used offensively against a person, is likely to, or gives the appearance of being likely to[,] result in death or serious bodily injury." Durham v. State, 259 Ga. App. 829, 830, 578 S.E.2d 514, 515 (2003). The lesser included offense of "robbery by intimidation" occurs where an offensive weapon or thing having the appearance of such a weapon was not used, but rather "the taking was accomplished by the

8

accused putting the alleged victim (or another) under such fear as would create in the mind of the victim (or another) an apprehension of danger to life or limb." Ga. Suggested Pattern Jury Instructions – Criminal 2.60.32. Thus, without the "use" of an offensive weapon, an armed robbery does not occur.

The Petitioner argues that the offense of armed robbery is not a violent felony within the meaning of the ACCA because Georgia courts, including Hewitt, supra and others, have stated that the offense may be committed by placing the victim in fear of injury to his *property.* As such, the Petitioner argues, the offense of armed robbery does not necessarily require an element of the use, attempted use, or threatened use of physical force against another *person,* as required by the "force clause" of the ACCA. [Doc. 3 at 5].

The language relied upon by the Petitioner, however, is used in the context of describing the force required for a conviction of the lesser offense of robbery. See, e.g., Hewitt, 277 Ga. at 329, 588 S.E.2d at 725 (noting that "the force necessary for *robbery* is actual violence or intimidation exerted upon the person robbed, by operating upon his fears – the fear of injury to his person, or property, or character) (citation and quotation marks omitted) (emphasis added); see also State v. Epps, 267 Ga. 175, 176, 476 S.E.2d 579, 580 (1996) (same) (quoting Long v. State, 12 Ga. 293, 315 (1852));

9

Smith v. State, 333 Ga. App. 256, 259, 775 S.E.2d 735, 738 (2015) (same) (quoting Hewitt, supra). Notably, the Georgia courts have not used the "fear of injury to his person, or property, or character" language when specifically discussing the elements of *armed* robbery. To the contrary, the Georgia courts have made clear that one of the essential elements of armed robbery -- the "use of an offensive weapon" -- requires the use of such weapon "as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another *person*." Hicks v. State, 232 Ga. 393, 403, 207 S.E.2d 30, 37 (1974), holding modified by Tribble v. State, 248 Ga. 274, 280 S.E.2d 352 (1981) (emphasis added); see also Long v. State, 287 Ga. at 888-89, 700 S.E.2d at 402 (concluding that the offense of aggravated assault merged into the defendant's conviction for armed robbery because "[b]oth crimes required proof of an intent to rob, and the assault requirement of aggravated assault — that the defendant attempt to commit a violent injury to the victim or place the victim in reasonable apprehension of receiving a violent injury — was the equivalent of the "use of an offensive weapon" requirement of armed robbery"). Further, the Georgia Supreme Court has described the intimidation necessary for an armed robbery conviction as that "terror . . . likely to create an apprehension of danger, and [likely to] induce a person to part with his property for the safety of his *person*." Epps, 267

Ga. at 176, 476 S.E.2d at 580 (emphasis added). At least two United States District Courts in Georgia have concluded that the use of an "offensive weapon" necessarily requires, at a minimum, a threat of violent physical force. Walker v. United States, No. CV 316-052, 2017 WL 957369, at *7 (S.D. Ga. Mar. 10, 2017), report and recommendation adopted, No. CV 316-052, 2017 WL 1682545 (S.D. Ga. May 1, 2017), appeal filed May 19, 2017; see also Green v. United States, No. 416-153, 2017 WL 819680, at *2 (S.D. Ga. Mar. 1, 2017) (report and recommendation by magistrate judge) ("Armed robbery [under O.C.G.A. 16-8-41] "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person of another' within the meaning of [the force clause] of the ACCA."), rejected in part for other reasons, 2017 WL 2692409 (S.D. Ga. June 22, 2017).

Notably, the Petitioner has not identified any Georgia case in which a conviction for armed robbery was based only on a threat to property, and the Court is not aware of the existence of any such case. As the Supreme Court has made clear, "there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the force-clause definition of a violent felony. Moncrieffe v. Holder, 133 S.Ct. 1678, 1685 (2013) (citation and internal quotation marks omitted). In determining whether a state offense requires the use, attempted use, or

threatened use of physical force, the Court is obliged to "rely on the interpretation of the offense rendered by the courts of the state in question." Burns-Johnson, 864 F.3d at 316. The Georgia Supreme Court has made clear that the offense of armed robbery involves the use of actual force or intimidation – by use of an offensive weapon -- against another *person*. Hicks v. State, 232 Ga. at 403, 207 S.E.2d at 37. The fact that these decisions also make mention of the "fear of injury to his person, or property, or character" language (in dictum) when discussing the offense of *robbery* does not alter the essential elements required for the offense of *armed robbery*. To commit armed robbery under Georgia law, a defendant must use an offensive weapon as a threat against a *person*. Because the Petitioner has not identified any case in which a conviction for armed robbery was based only on a threat to *property*, he has not presented a "realistic probability" that Georgia would apply its armed robbery statute to such conduct.[2]

---

[2] The Petitioner contends that the existence or non-existence of a Georgia armed robbery case involving a threat only against property is irrelevant in light of United States v. Aparicio-Soria, 740 F.3d 152 (4th Cir. 2014) (en banc). In that case, the government attempted to establish that it was impossible to be convicted of resisting arrest in Maryland without the use of violent force by citing to 38 published Maryland state court decisions which all involved the use of violent force by the defendant. Id. at 157. The Fourth Circuit rejected this argument, noting that the Maryland's highest court had already stated that the degree of force required to commit the offense of resisting arrest was "offensive physical contact." Id. Accordingly, the Court reasoned, "[w]e do not need to hypothesize

Petitioner contends, alternatively, that the Georgia armed robbery offense does not qualify under the force clause because the statute encompasses the passive carrying of a weapon during a robbery, even if the victim never sees the weapon. While the Petitioner is correct that a weapon may be concealed during an armed robbery, Georgia courts still require that the victim must at least be aware of the presence of the weapon in order to find the "use" of an offensive weapon. See Hicks, 232 Ga. at 403207 S.E.2d at 37 (reversing armed robbery conviction where defendant took billfold from sleeping victim); Sheely v. State, 287 Ga. App. 92, 95, 650 S.E.2d 762, 764 (2007) (finding use of offensive weapon element met where "the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery"). Under Georgia law, an offensive weapon will be found to have been "used" even if the victim cannot see the weapon or does not know the precise nature of the weapon, so long as the victim is aware of its presence. See, e.g., Ramey v. State, 206 Ga. App. 308, 308, 425 S.E.2d 385, 386 (1992) ("The statute includes concealed offensive weapons

---

about whether there is a 'realistic probability' that Maryland prosecutors will charge defendants engaged in non-violent offensive physical contact with resisting arrest; we know that they can because the state's highest court has said so." Id. at 158. Here, by contrast, the highest court of Georgia has not made any pronouncement as to whether an armed robbery can be committed solely by the threat of force against property. In the absence of any such guidance, it is incumbent upon the Petitioner to identify any cases where the threat of force against property was the basis for an armed robbery conviction. He has failed to do so.

13

provided there is either a physical manifestation of the weapon or some evidence from which the presence of a weapon may be inferred. The question is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used regardless of whether the victim actually saw the weapon.") (internal citations omitted); see also Joyner v. State, 278 Ga. App. 60, 60, 628 S.E.2d 186, 188 (2006) ("The presence of an offensive weapon or an article having the appearance of one may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon or article used was neither seen nor accurately described by the victim. What is required is some physical manifestation of a weapon or some evidence from which the presence of a weapon may be inferred.") (citation omitted); accord Dixon v. Hopper, 407 F. Supp. 58, 64 (M.D. Ga. 1976) (citing Hicks, and finding no armed robbery where the victim was not aware of the presence of the weapon), overruled on other grounds, Jarrell v. Balkcom, 735 F.2d 1242 (11th Cir. 1984). Because Georgia law requires the *use* of an offensive weapon to effectuate the taking and the victim's *awareness* of such weapon, the Court concludes that the Georgia armed robbery statute requires the actual or threatened use of violent force such that it qualifies as a violent felony within the meaning of the ACCA.

## IV. CONCLUSION

For the reasons stated herein, the Court concludes that Georgia armed robbery qualifies as a "violent felony" under the force clause of the ACCA.[3] Therefore, Petitioner's motion to vacate is denied.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

---

[3] Because the Court finds that Petitioner's prior Georgia armed robbery convictions remain violent felonies under the force clause of the violent-felony definition in the ACCA, this Court does not address the Government's alternative arguments regarding waiver and procedural default.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 7] is **GRANTED**, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1], as supplemented [Doc. 3], is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 4, 2017

Martin Reidinger
United States District Judge